Edward Leo NEUGEBAUER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17972.

Court of Criminal Appeals of Oklahoma.

July 2, 1973.

Forest N. Simon, O. B. Martin, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.

BLISS, Presiding Judge:

Appellant, Edward Leo Neugebauer, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Case No. CRF-72-129, for the offense of Forgery in the Second Degree. His punishment was fixed at four (4) years imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

The defendant presents, in his appeal, two propositions of error. Due to the nature of these two propositions, we do not deem it necessary to recite the facts.

The defendant first contends that the trial court erred in not affording him a preliminary hearing on the above charge, where he could be represented by his attorney, whom he had employed to represent him in the case.

The record reveals that on February 22, 1972, the defendant was arraigned in front of Judge Mills and at said time he entered a plea of not guilty to the Information. The record further reveals that the first time the defendant raised any objections to the preliminary hearing or lack of preliminary hearing was on June 6, 1972, when he filed a "Motion to Remand."

■ This question is not properly before this Court, as the defendant's "Motion to Remand" did not allege that the "defendant is acting in good faith," nor is the defendant's Motion "verified" as required by 22 O.S.1971, § 494. Also see Mahan v. State, Okl.Cr., 508 P.2d 703 (1973). Further, this Court, in the case of Application of Igo, Okl.Cr., 331 P.2d 969 (1958), held in the second paragraph of the Syllabus:

"When a defendant is arraigned on an information and pleads to the merits, he waives the right to a preliminary hearing, and if one was had, the right to object to any irregularities therein."

The Court further stated at page 971 of the opinion the following:

"In this connection, it has been repeatedly held that even where no preliminary is held at all in a felony case, that such matter must be raised by a plea in abatement or motion to quash the information."

Also see Haggy v. State, Okl.Cr., 509 P.2d 936 (1973).

■ Therefore, even if this question was properly before this Court, the defendant has waived any irregularities in the preliminary hearing or lack of a preliminary hearing by not filing a timely Motion to Quash.

The defendant's second proposition asserts that the Honorable Robert L. Berry, Associate District Judge of the District Court of Oklahoma County, Oklahoma, was without power and authority to try this case, as the defendant had not agreed, prior to trial, in writing, for him to try this case.

The defendant cites for authority 20 O. S.1971, § 95.8 which states:

"An Associate District Judge may hear any actions or proceedings, regardless of court rules, where the parties agree in writing, at any time before trial, to the action being heard by such Associate District Judge."

It is the defendant's contention that this statute prohibits Associate District Judges from hearing felony cases unless the parties agree, in writing, that he may hear the action before trial. We do not agree. The Constitution of the State of Oklahoma, Article VII, § 8(d), states, in part:

"* * * The District Judges and Associate District Judges *shall exercise all jurisdiction in the District Court except as otherwise provided by law.* * * *" [Emphasis added]

Also, Article VII, § 7, of the Constitution of the State of Oklahoma, states, in part:

" * * * *The District Court shall have unlimited original jurisdiction of all justiciable matters,* except as otherwise provided in this Article, and such powers of review of administrative action as may be provided by statute. * * *" [Emphasis added]

█ Therefore, the Oklahoma Constitution confers Associate District Judges with unlimited jurisdiction over all justiciable matter that can properly be brought in the District Court of the State of Oklahoma, except as otherwise provided by law.

Next, we must look to § 95.8, supra, to ascertain if this statute was enacted to limit the power and authority of Associate District Judges. It is our opinion that § 95.8, supra, must be read in conjunction with 20 O.S. 1971, § 95.6 and § 120, which state:

§ 95.6

"Where not inconsistent with the rules of the Supreme Court or of the Presiding Judge of the judicial administrative district, if any are promulgated, the Judges in a judicial district may adopt practices in regard to the assignment and transfer of cases that will facilitate their disposition, and nothing herein shall prevent a Judge from transferring a case to another Judge who has consented to such transfer."

§ 120

"Subject to the Constitutional administrative authority of the Presiding Judge of a judicial administrative district the District Judges of each district court judicial district shall have supervision of their respective district courts, including the power of assignment of associate district judges and special judges within their said districts."

██ It is therefore our opinion that § 95.8, supra, was enacted to expand Associate District Judges' power and authority. When a particular Judicial District in the State of Oklahoma, in order to facilitate the disposition of cases, has by court rule assigned a particular Associate District Judge to hear only certain matters, such as probate proceedings or juvenile proceedings, then under authority of 20 O.S.1971, § 95.8, this particular Associate District Judge may hear any other action or proceedings, regardless of court rules, if the parties agree, in writing, anytime before trial.

█ In the instant case, the record reveals that the above styled and numbered case was assigned to Associate District Judge Berry on June 27, 1972, by the Presiding Judge of the Criminal (Felony) Division. Therefore, § 95.8 is not applicable to the instant case, as Judge Berry was vested with the power and authority to hear this case without the parties agreeing, in writing, that he may hear the case.

It is, therefore, the opinion of this Court that the judgment and sentence of the District Court should be, and the same is hereby, affirmed.

BRETT and BUSSEY, JJ., concur.