**The STATE of Oklahoma, Petitioner,**

v.

**John Anthony BENSON, Associate District Judge, McCurtain County, Respondent.**

**No. P-83-164.**

Court of Criminal Appeals of Oklahoma.

April 7, 1983.

Michael C. Turpen, Atty. Gen., Oklahoma City, and Dan Williamson, Asst. Dist. Atty., Idabel, for appellant.

John Anthony Benson, Associate District Judge, Idabel, and Carl LeForce, Idabel, for appellee.

## ORDER

On the 16th day of March, 1983, during preliminary examination in McCurtain County District Court, Case No. CRF–82–108, conducted before the Honorable John Anthony Benson, Magistrate, at the request of defense counsel, the Magistrate directed the State to produce the written investigatorial reports relating to unsworn statements made by the defendant, Roy Christopher Simpson, and his mother to OSBI agent James Otte. Agent Otte had testified during cross-examination by defense counsel to the text of the statements, and that he had summarized them, put them into a written report and transmitted same to the prosecutor. The Attorney General filed an application for this Court to assume jurisdiction and prohibit the Magistrate from enforcing his order, and all proceedings were stayed in the above styled and numbered case pending a determination of the issue herein presented.

On April 5, 1983, this Court submitted this cause for determination, after having heard the oral arguments of the respective parties and considered the excerpts from the transcript of the preliminary hearing and the briefs of the respective parties. Succinctly stated, the question here presented is: Does a Magistrate, prior to or during a preliminary examination, have the authority to issue an order directing the production of reports containing exculpatory evidence prepared by an OSBI agent and in the possession of the district attorneys staff? This question must be answered in the negative.

Generally speaking, the duties of a Magistrate are to preside over and conduct the preliminary examination, and determine if a crime has been committed and if there is probable cause to hold the defendant for trial. Respondent Benson, acting as a Magistrate, does not possess the authority vested in a district judge after the defendant has been bound over or "held" for trial. The authority of a trial court to grant discovery and that of a Magistrate were addressed in *Stafford v. State,* 595 P.2d 797 (Okl.Cr.1979), wherein we stated:

> Prior to trial petitioner will be entitled to receive from the State any information that might tend to exculpate him or mitigate his punishment in the event of conviction. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, at preliminary examination such information is not required.

A motion for disclosure of any exculpatory evidence in possession of the prosecution should be filed as soon as the defendant has been arraigned, after having been bound over for trial, as is practical to do so, in order that the trial court may direct disclosure within a reasonable time before trial. In the instant case, since counsel for the defense has fully elicited from Agent Otte the text of all statements made by the defendant and his mother, and since his written report does not contain any sworn statements, disclosure is not required.

The order staying further proceedings in McCurtain County District Court, Case No. CRF–82–108 is VACATED, and the Honorable John Anthony Benson directed to vacate his order requiring the disclosure of Agent Otte's report previously entered.

IT IS SO ORDERED.