**Kendall FLETCHER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–799.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1987.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Kendall Fletcher, was charged, tried and convicted in the District Court of Grady County, in Case No. CRF–83–235 of the crime of Second Degree Burglary, After Former Conviction of a Felony, and was sentenced to fifteen years imprisonment. From this judgment and sentence, he appeals.

On the evening of December 20, 1983, the appellant, Kendall Fletcher, threw a large cement block through the northwest window of Buy Fast Food Store and Laundry in Chickasha, Oklahoma, and stole two purses from the table beneath the window. At the time the crime occurred, Betty Griggs, her mother-in-law, Betty Jo Griggs, her aunt, Peggy Little Fox, and their six children were doing their laundry. Upon returning to the laundry after getting change in the front store portion, both Betty and Betty Jo heard the cement block as it crashed through the window, and observed the appellant stealing the purses belonging to Betty Jo and Ms. Fox. After law enforcement officials were notified, officers Barnes, Reed and Crawford of the Chickasha Police Department responded to the alarm. Officer Reed provided a photographic lineup to the women, whereupon Betty and Betty Jo identified the appellant as the man who stole the purses. Once the appellant was identified by the women, Officer Crawford knew that the appellant frequented a certain residence. He and three other officers then proceeded to that residence and were told by its occupants that the appellant was not there. As they were leaving the residence, the officers noticed a gray or silver car drive past the house. They then saw a blue purse lying on the edge of the road in front of the house. After examining the purse, the officers ascertained that the items therein belonged to Ms. Fox. The officers then focused their search on the gray/silver vehicle that had driven by the house, theorizing that the purse had been thrown from the car. Driving through the parking lot of Park Place Apartments, the officers found the vehicle matching their description. Subsequently, the officers removed the appellant and another passenger from the vehicle. A pat down search of the appellant yielded two packets of food stamps belonging to Ms. Fox. The appellant was placed under

arrest, and subsequent to booking procedures, a diamond engagement ring belonging to Ms. Fox was also discovered on him.

■ In his first assignment of error, the appellant contends that the trial court erred in denying his motion to suppress the in-court identification. He predicated this argument upon the grounds that the photographic lineup shown to the victims was unnecessarily suggestive, which made the in-court identification unreliable.

In *Klinekole v. State,* 705 P.2d 179 (Okl. Cr.1985) this Court cited the standards set forth in *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977) for determining whether an identification is reliable: 1) opportunity of the witness to view the person in question; 2) the witness' degree of attention; 3) the accuracy of prior description; 4) the level of certainty demonstrated at the confrontation; and 5) the length of time between the crime and the confrontation.

In the instant case, the witnesses had ample opportunity to view the appellant at the time of the crime. The exterior and interior of the laundry were equally well lit, and the witnesses were not too far away to get a clear look at the appellant. Both witnesses displayed a great deal of attention after they heard the loud crash in the area where they knew their children would be present. Although there is a discrepancy in the exact descriptions that the witnesses gave police, the younger Betty Griggs consistently remembered and identified the appellant based upon his eyes. The length of time between the crime and the witnesses viewing the photographs was approximately two hours, and throughout the course of the trial, neither of the witnesses wavered from their conclusions that the appellant was the perpetrator. Based upon these standards, there is ample evidence in the record to support the independent reliability of the in-court identification. Moreover, having found that the in-court identification was independently reliable under the totality of the circumstances, we do not need to consider whether the pre-trial confrontation procedure was suggestive. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). This assignment of error is without merit.

■ In his second assignment of error, the appellant contends that improper and prejudicial comments made by the prosecution deprived him of his right to a fair and impartial trial. At the outset, we note that several of the remarks to which he refers were not objected to at trial. Without timely objection, these remarks may only be reviewed for fundamental error. *Tucker v. State,* 675 P.2d 459 (Okl.Cr.1984). We have examined the record and found none. Moreover, we have also found that the remark which was objected to did not rise to the level of being so grossly improper and unwarranted as to require reversal based on improper argument. *Wensel v. City of Oklahoma City,* 711 P.2d 114 (Okl. Cr.1985). This assignment of error is without merit.

■ In his third assignment of error, the appellant contends that he should have been sentenced under 22 O.S.Supp.1986, § 995–995.9, the Nonviolent Intermediate Offender Act, instead of 21 O.S.1981, § 51, the Habitual Offender Act. In an opinion, to which this writer dissented, this Court held the Nonviolent Intermediate Offender Act unconstitutional in that it violates the separation of powers provision found in Okla. Const. art. IV, § 1. *Swart v. State,* 720 P.2d 1265 (Okl.Cr.1986). This assignment is therefore without merit.

■ Next the appellant contends that the trial court erred when it failed to give his requested jury instructions that any subsequent connection with stolen property as a result of a burglary cannot make one guilty of burglary who is not connected with the original breaking and entering. We find this contention to be without merit. There was both circumstantial and direct evidence of eyewitness testimony placing the appellant near the scene of the crime at a time close to when it occurred, and in possession of the stolen property. When viewed together, these events consti-

tute enough evidence to place the determination of guilt or innocence in the hands of the jury. *Holt v. State*, 628 P.2d 1170 (Okl.Cr.1981).

■ Finally the appellant contends that the trial court erred in not giving his requested instruction on circumstantial evidence. An instruction on circumstantial evidence is required only if the State's case is entirely circumstantial. *Dunford v. State*, 614 P.2d 1115 (Okl.Cr.1980). As previously stated, this case was not wholly based on circumstantial evidence; thus, appellant's instruction was properly refused. Moreover, the determination of which instructions will be given to the jury is a matter within the discretion of the trial court, provided that the instructions given fairly and correctly state the applicable law. *Nunley v. State*, 660 P.2d 1052 (Okl.Cr.1983). We find no abuse of discretion; therefore, we will not interfere with the trial court's judgment. This assignment is without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs.