David MOSS, District Attorney, Tulsa
County, Oklahoma, Petitioner,

v.

Edward J. HICKS, Special District
Judge, Tulsa County, Respondent.

No. P–87–159.

Court of Criminal Appeals of Oklahoma.

April 22, 1987.

Arthur James Shultz, Asst. Dist. Atty., Tulsa, for petitioner.

Edward J. Hicks, Special Judge, Tulsa, pro se.

Ed Lutz, Tulsa, for defendant in Trial Court.

## ORDER GRANTING WRIT OF PROHIBITION AND MANDAMUS

On February 26, 1987, a hearing was held before the respondent, who was sitting as magistrate in the case of *State v. Wallace*, Case No. CRF–87–0135. Defense counsel argued that prior to the preliminary hearing a lineup must be held, otherwise an in-court identification of the defendant by the State's sole witness would be the equivalent of an improper one-man showup. The State argued that the magistrate did not have the authority to order a lineup, and that the proper time to rule on a motion to suppress was during the preliminary hearing when the evidence had been presented. Although defense counsel made an offer of proof that the State's witness would be unable to identify the defendant during a lineup, and that the identification was the only evidence the State had to connect the defendant to the crime, the prosecutor refused to make an offer of proof and stood on his argument that the magistrate was without authority to order a lineup. The respondent replied: "I just want to give you the opportunity to argue those facts and to make sure that we understand that the issue is strictly the jurisdiction of this Court to order a lineup." (Tr. 7). Although the magistrate did not actually order the lineup directly, he granted the defendant's motion to suppress stating: "if the lineup is not conducted and if the reason that it is not conducted is no fault of the defendant ... then when the matter comes on for preliminary hearing, I would suppress the in-court identification of the defendant." (Tr. 15).

The respondent states in his brief that he did not order a pretrial lineup, but admits that the effect of his order was to encourage the State to conduct such a lineup. Given the statements of the magistrate during the hearing, and his admission as to the effect of his order, we find that the magistrate in substance ordered the State to conduct a pretrial lineup, and therefore the issue before us is whether or not a magistrate has the authority to directly or indirectly order a pretrial lineup.

First, because the authority of a magistrate in a preliminary hearing is coming before this Court more frequently, we shall review the authority given. "Generally speaking, the duties of a Magistrate are to preside over and conduct the preliminary examination, and determine if a crime has been committed and if there is probable cause to hold the defendant for trial." *State v. Benson*, 661 P.2d 908, 909 (Okl.Cr. 1983). The magistrate does not have the authority vested in a district judge after a defendant has been bound over for trial. *Benson*, 661 P.2d at 909. As a result, there are certain limitations placed upon a magistrate at preliminary hearing which are not placed upon a judge conducting a trial. A magistrate at a preliminary examination may rule on the sufficiency of the evidence, motions to suppress and demurrers. These rulings are binding and final in the preliminary examination only. *Nicodemus v. District Court*, 473 P.2d 312 (Okl.Cr.1970), and *Mosier v. State*, 671 P.2d 62 (Okl.Cr.1983), and are made only for the purpose of determining whether the crime charged has been committed and, if so, whether there is probable cause to believe the accused committed it.

Just as a magistrate does not have the authority to issue an order directing the production of reports containing exculpatory evidence, *Benson*, 661 P.2d, at 909, neither does the magistrate have the authority to issue an order requiring the State to conduct a pretrial lineup.

The respondent cites footnotes in federal cases which suggest that defense counsel, to avoid an overly suggestive identification, could request that the hearing be .post-

poned until a lineup could be arranged. In *Moore v. Illinois*, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977), the Supreme Court of the United States reversed because the defendant's preliminary hearing was used as the setting for an identification. The Court found that dangers inherent in such an identification required that the defendant have counsel present at the preliminary hearing. In footnote five the Court lists three examples of methods defense counsel could use at a preliminary hearing to avoid a suggestive identification. One of those methods is to request a lineup. The Court added in the footnote: "[W]e express no opinion as to whether the preliminary hearing court would have been required to grant any such requests." The respondent fails to cite any authority which would show that an Oklahoma magistrate has the authority to order a pretrial lineup.

Finally, the respondent argues that because the action taken by him was discretionary, and because there are other adequate remedies available to the petitioner to challenge the magistrate's decision, a writ of prohibition and/or mandamus should not be granted. However, the availability of another remedy does not prevent granting of prohibition if the other remedy is not adequate. *Stewart v. Judge of 15th Judicial District*, 542 P.2d 945, 947 (Okl. 1975). In a Rule Six Appeal, the district court reviews the magistrate's rulings for errors of law, according to this Court's recent ruling in *Fletcher v. State*, 733 P.2d 1347 (1987), 58 O.B.J. 530 (1987). The respondent in the case at bar has already expressed a predisposition to suppress the identification evidence before hearing any testimony if a lineup is not held first. If he allows the witness to identify the defendant, and sets out facts which support the suppression, the district court during the review must defer to these facts, and affirm. *See Fletcher*. The real issue of whether or not the magistrate had the authority to order a lineup has thus been circumvented. We find that the Rule Six Appeal is not an adequate remedy in this case.

Before a writ of mandamus may issue, the petitioner must show, "(1) a clear legal right; (2) the respondent's refusal to perform a plain legal duty not involving the excercise of discretion; and, (3) the adequacy of mandamus and the inadequacy of other relief." *Woolen v. Coffman*, 676 P.2d 1375, 1377 (Okl.Cr.1984). The petitioner has a clear legal right to the preliminary hearing, the respondent has exceeded his authority by attempting to do indirectly what he cannot do directly, and we have already shown the inadequacy of the Rule Six Appeal.

It is therefore the order of this Court that the respondent be prohibited from ordering directly or indirectly that a lineup be held, and it is the further order of this Court that the magistrate proceed with the preliminary hearing.

IT IS SO ORDERED.

/Tom Brett
TOM BRETT, Presiding Judge
s/Hez J. Bussey
HEZ J. BUSSEY, Judge