The STATE of Oklahoma, Petitioner,

v.

The Honorable Sidney GORELICK, Special District Judge, District Court of Oklahoma County, Oklahoma, Respondent.

No. P–87–659.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1987.

**ORDER GRANTING WRIT OF PROHIBITION**

On September 9, 1987, the State of Oklahoma, represented by Mr. Charles S. Rogers, Assistant District Attorney for Oklahoma County, filed an application for this Court to assume original jurisdiction and a petition for issuance of the writ of prohibition to prohibit the Honorable Respondent herein from accepting a plea of guilty in certain felony cases in which he is sitting as examining magistrate. From the record before this Court, it is the impression given that the Respondent considers insofar as he is a Special Judge of the District Court, he is authorized to accept a plea of guilty in any matter before him. It is the position of the state, that as examining magistrate he is not authorized to accept a plea during or at the conclusion of this preliminary hearing.

In Oklahoma the function of the examining magistrate is to determine the question of probable cause relative to a possible bindover for trial. At the conclusion of that hearing, if the bindover order has been entered the defendant is then arraigned before a district judge. Notwithstanding the fact that a Special Judge is a

10.  *Snethen v. Oklahoma State Union,* 664 P.2d      377 (Okla.1983).

judge of the District Court, at the time he is serving as examining magistrate his powers are limited to the function of the preliminary examination.

Title 22 O.S.1981, § 576 provides:

The judge who conducts the preliminary examination shall not try the case except with the consent of all parties.

In this case, the record is clear that the preliminary examination was in the process of being concluded. Mr. Rogers made a record that it was his impression that the defendant desired to terminate the preliminary examination and enter a plea of guilty, to which he, as prosecutor objected. The magistrate informed the prosecutor that the defendant had not made such an announcement and that the defendant had a new defense counsel, Mr. Rick Moore, an Assistant Public Defender. The magistrate then stated to the defendant, "Is it your desire at this time to proceed forward with a plea of guilty in the cases and counts that I have just enumerated?" Defendant Ables replied, "Yes, sir." The prosecutor immediately stated, "... In regard to his announcement, Your Honor, we would object to your Honor taking a plea in these various cases on these various counts,...."

At the conclusion of Mr. Roger's statement, the magistrate stated, in part: "... it is my opinion that as a Judge of the District Court, Special Division that I have the authority to proceed on and accept Mr. Ables plea with or without the consent of the District Attorney's Office."

This Court held in *State v. Benson, Associate District Judge, McCurtain County,* 661 P.2d 908, 909 (Okl.Cr.1983):

Generally speaking, the duties of a Magistrate are to preside over and conduct the preliminary examination, and determine if a crime has been committed and if there is probable cause to hold the defendant for trial. Respondent Benson, acting as a Magistrate, does not possess the authority vested in a district judge after the defendant has been bound over or "held" for trial.

■ NOW THEREFORE, after considering the record before this Court, the petition and briefs submitted by both parties, this Court finds that the examining magistrate in this case does not have authority to accept the plea of the defendant prior to the conclusion of that hearing. Further, the same magistrate would not be authorized to conduct the trial, or accept the plea of guilty of the defendant at the conclusion of the preliminary examination, without the consent of all parties. In this case, the record is quite clear that the prosecutor was vigorously objecting to the proposed actions of the magistrate.

IT IS THEREFORE THE ORDER OF THIS COURT that the Honorable Respondent herein is prohibited from accepting the plea of guilty of the defendant in cases CRF–87–2502, CRF–87–2631, CRF–87–2655, CRF–87–2633, CRF–87–2640, CRF–87–2644, CRF–87–2650, CRF–87–2652, CRF–87–2646, CRF–87–2649, CRF–87–2653, and CRF–87–2654.

IT IS FURTHER ORDERED that the stay of proceedings entered herein is lifted and the proceedings may continue.