**David MOSS, District Attorney, Tulsa County, Oklahoma, Petitioner,**

v.

**The DISTRICT COURT OF TULSA COUNTY, State of Oklahoma, and the Honorable Joe Jennings, District Judge, Respondents.**

**No. F–88–360.**

Court of Criminal Appeals of Oklahoma.

May 27, 1988.

## ORDER GRANTING ALTERNATIVE WRIT OF PROHIBITION OR MANDAMUS

On May 10, 1988, the District Attorney for Tulsa County, Oklahoma, filed an application and petition in this Court seeking issuance of the alternative writ of prohibition or mandamus. Petitioner is seeking to prohibit the Honorable Respondent from interfering in the preliminary examination in Case No. CRF–88–1486.

The Honorable Respondent acting on defense counsel's Motion to Conduct a Line-up or Allow Additional Persons to Sit with Defendant at Counsel Table, entered an order granting the motion and ordered a line-up be held. This Court entered an Order to Show Cause why the writ should not be granted. On May 23, 1988, the response was filed with a copy of the preliminary examination until showing it was continued.

NOW THEREFORE, after considering the application and petition filed herein with the response and transcript of the preliminary examination, this Court finds that the district judge did not have jurisdiction to act; until an accused is bound over to stand trial at the conclusion of the preliminary hearing, the jurisdiction remains with the magistrate.

In *Hunt v. State,* 751 P.2d 747, 749 (Okl. Cr.1988), this Court stated:

> Appellant acknowledges that there is no right to a formal pretrial lineup. The decision is one of judicial discretion. *Campbell v. State,* 640 P.2d 1364, 1366 (Okl.Cr.1982).

Therefore, we hold, under the circumstances of this case, it is clearly within the discretion of the magistrate concerning the matter in which he will verify the identification of the defendant. In the event he concludes a lineup is required, it should be

conducted by the appropriate authorities. Likewise, insofar as *Moss v. Hicks,* 738 P.2d 155 (Okl.Cr.1987) conflicts with this decision, it is hereby OVERRULED.

IT IS THEREFORE THE ORDER OF THIS COURT that the writ of prohibition shall issue in part. Insofar as the defendant's preliminary hearing has not been completed, the Honorable Respondent's order is void; the magistrate's jurisdiction has not been concluded. It is further ordered that the examining magistrate shall proceed with the preliminary examination and is authorized to exercise his discretion concerning whether or not a lineup should be conducted. However, it is suggested that in the event such becomes necessary, that it should be conducted by proper authorities.

/s/ Tom Brett
TOM BRETT, PRESIDING JUDGE
/s/ Ed Parks
ED PARKS, Judge