**The STATE of Oklahoma, Petitioner,**

v.

**The Honorable Richard HOVIS, Associate District Judge, District Court of Kiowa County, Oklahoma, Respondent.**

No. P 96–1327.

Court of Criminal Appeals of Oklahoma.

March 24, 1997.

*ORDER DENYING APPLICATION FOR WRIT OF PROHIBITION AND LIFTING STAY OF PROCEEDINGS*

On October 24, 1996, the State filed an Application to Assume Original Jurisdiction and Petition for Emergency Stay and/or Writ of Prohibition. The State seeks extraordinary relief in the District Court of Kiowa County, Case No. CF–86–41, to prohibit the Honorable Richard Hovis, Associate District Judge, from entertaining the Defendant's plea of guilty over the objection of the State.

On August 7, 1996, the Defendant, Tiffany Neugent, was charged with Obtaining Money by False Pretense. The case came on for Preliminary Hearing on September 30, 1996. The State presented evidence and rested; the Defendant presented no witnesses. As the Magistrate was saying: "... the Court will find probable cause that the crime of ...", defense counsel interrupted, mid-sentence, to say "(t)he Defendant would change her plea to guilty and would like to be sentenced." The State objected stating it would not waive the two-judge rule.

The Magistrate continued the Preliminary Hearing, over the State's objection, to review the issue of whether he could take the plea without the consent of both parties. On October 16, 1996, the parties presented oral argument. The State relied upon *State v. Gorelick*, 746 P.2d 677 (Okl.Cr.1987); the defense cited no legal authority. The Magistrate ruled that, as an Associate District Judge, he could properly hear the plea.

In an Order issued October 31, 1996, the Respondent, or a designated representative, was directed to file a response to the State's application. The response by the Honorable Richard Hovis, Associate District Judge, was filed in this Court November 22, 1996.

Respondent argues that the facts of the present case are distinguishable from the facts set out in *Gorelick*, as the respondent in *Gorelick* was a Special Judge and not an Associate District Judge. Respondent also argues that the language of Section 576 of Title 22 which provides that the judge who conducts the preliminary hearing shall not "try" the case, refers to a contested jury or non-jury trial, and not to taking a blind guilty plea. Respondent also argues that a defendant has a moral and legal right to plead guilty in a timely manner and the courts have an obligation to accept the plea in a timely manner.

■ We agree that *Gorelick* can be distinguished from the facts of the present case. Judge Hovis is an Associate District Judge and not a Special Judge. The holdings in *Gorelick* are applicable to a Special Judge performing the duties of a magistrate in a criminal case. A Special Judge has limited jurisdiction as set out in Section 123 of Title 20. The Oklahoma Constitution confers Associate District Judges with unlimited jurisdiction over all justiciable matters that can properly be brought in the District Court of the State of Oklahoma, except as otherwise provided by law. *Neugebauer v. State,* 512 P.2d 220, 222 (Okl.Cr.1973); Oklahoma Constitution, art. 7, § 8(d).

■ The State argued at the October 16, 1996, hearing that Section 576 of Title 22 prohibits Respondent from taking the defendant's plea. Section 576 directs that "[t]he judge who conducts the preliminary examination shall not "try" the case except with the consent of all parties." The language of Section 576 prohibits the examining magistrate from "trying"[1] the case or conducting the trial. The plain language of Section 576 does not prohibit an Associate District Judge from taking a plea.

Respondent, as an Associate District Judge, is empowered to take a plea from the defendant in this case. Therefore, Petitioner's application for a writ of prohibition is **DENIED.**

The stay of proceedings imposed in this Court's October 31, 1996, Order is hereby **LIFTED.**

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
    CHARLES S. CHAPEL,
    Presiding Judge

/s/ Reta M. Strubhar
    RETA M. STRUBHAR,
    Vice Presiding Judge

/s/ Gary L. Lumpkin
    GARY L. LUMPKIN,
    Judge

/s/ James F. Lane
    JAMES F. LANE,
    Judge

/s/ Charles A. Johnson
    CHARLES A. JOHNSON,
    Judge

LANE, Judge, dissents:

I dissent. In so doing, however, I do not disagree with the order when it finds that a judge who heard the preliminary is not precluded from taking the plea as long as his judicial position gives him that authority. However, I do not think that a plea can be taken while the preliminary is in progress unless the record indicates an intelligent and informed waiver of the preliminary examination. This Court has doggedly held to the old concepts of a multi-tiered court system when it deals with criminal procedure. In *State v. Gorelick,* 746 P.2d 677, 678 (Okl.Cr. 1987), we stated "... this Court finds that the examining magistrate in this case does not have authority to accept the plea of the defendant prior to the conclusion of that hearing (preliminary examination)". Further, in *State v. Benson,* 661 P.2d 908, 909 (Okl.Cr.1983), we said:

> Generally speaking, the duties of a Magistrate are to preside over and conduct the preliminary examination, and determine if a crime has been committed and if there is probable cause to hold the defendant for trial. Respondent Benson, acting as a Magistrate, does not possess the authority vested in a district judge after the defendant has been bound over or "held" for trial.

With this language we determined that a magistrate did not have the power to order discovery during the preliminary and before bind over. That power was reserved to a proper judge to exercise after the magistrate was finished. This premise is reinforced by 22 O.S.1991 § 470 which requires the arraignment or proceeding for entering a plea to be held within 30 days *after the date of the bind over order.*

Because of this, I do not think that any judge can accept a plea until there has been

---

1. Black's Law Dictionary 1358 (5th ed. 1979), defines "try" as "[t]o examine and investigate a controversy, by the legal method called 'trial,' for the purpose of determining the issues it involves."

a proper bind over. In the current case, the record indicates the magistrate was in mid-sentence of announcing his finding when he was interrupted by defense counsel with the statement that the defendant wanted to enter a plea. The order does not indicate that the defendant was ever bound over for plea and trial. In fact, the judge makes a point about his still having jurisdiction because he has not yet bound the defendant over.