Larry J. GREGG, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-81-533.

Court of Criminal Appeals of Oklahoma.

May 9, 1983.

Douglas L. Combs, Henry, West, Sill & Combs, Shawnee, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Larry J. Gregg was convicted of Rape in the First Degree, 21 O.S.1981, § 801, and Robbery with a Dangerous Weapon, 21 O.S. 1981, § 1114, After Former Conviction of Two or More Felonies, in the District Court of Pottawatomie County, Case No. CRF–80–262. Following a second stage proceeding the appellant was sentenced pursuant to the habitual criminal statute, 21 O.S.1981, § 51(B) to seventy-five years' imprisonment for each count, the sentences to run consecutively.

Shortly after midnight on September 13, 1980, a man later identified as the appellant, carrying a flashlight, approached the car of Jack Haden who was parked with T.L.R. at Shawnee Lake. After forcing Haden at knifepoint into the trunk of the car, T.L.R. was taken to the rear of Haden's automobile where she was raped. The appellant then had Haden throw out his wallet and took ten dollars from it and some change from the automobile's ashtray before leaving.

Initially it is alleged that the prosecutor improperly commented at trial on the fact the appellant was silent during part of his initial questioning by police. Specifically complained of is the prosecutor's remark during closing argument:

Down at the police station they read him his *Miranda* warnings. And he says, Okay and waives his *Miranda* rights, and he begins to talk. They say, Where were you on the night? Well, I remember that night, and I was with my brother and his girlfriend at the Palimino Club and I was there—according to even his statement he said until twelve thirty. Well, defense Counsel [sic] said he couldn't know what time that other attempted rape happened. He couldn't have known that at that time. Well, maybe—then went on. What was the next question? Were you

at Shawnee Lake? Bam! Interview concluded. Now, why?

■ We agree with the appellant that it is improper for any comment to be made at trial concerning the silence of a defendant following a *Miranda* warning. *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *State v. Neal,* 604 P.2d 145 (Okl. Cr.1980). However, the Supreme Court limited *Doyle* in *Anderson v. Charles,* 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980) wherein the Court stated:

... questioning [that inquires into prior inconsistent statements] makes no unfair use of silence because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent.

■ It is our determination that the prosecutor's comments fall more nearly within the rule of *Anderson* than of *Doyle.* As in *Anderson,* the appellant here waived his right to remain silent and voluntarily responded to police questioning. Further, the prosecutor's questions were not meant to draw meaning from the silence itself but rather were an attempt to refute the veracity of the defendant's story.

In finding that *Doyle* did not apply to the facts in *Anderson,* the U.S. Supreme Court stated:

Each of the two inconsistent descriptions of events may be said to involve 'silence' insofar as it omits facts included in the other version. But *Doyle* does not require any such formalistic understanding of 'silence.'

Applying that statement to the present case, we find no error occurred.

We further note that no objection was made to the remark when it was made at trial. In *Runnels v. State,* 562 P.2d 932 (Okl.Cr.1977), this Court stated:

It is error for the prosecutor to comment either directly or indirectly, at any stage of the jury trial—upon a defendant's right to remain silent. Defense counsel must preserve the error by timely objecting to the comment and moving for a mistrial....

In addition, although the contention of error was asserted in the petition in error filed in the present case, it was not incorporated in the defendant's motion for new trial. We have often stated that we will not consider questions on appeal that are not referred to in the appellant's motion for new trial. *Washington v. State,* 426 P.2d 372 (Okl.Cr.1967). For the reasons stated above, we find no merit to the first proposition of error.

Secondly, the appellant contends, citing *Moore v. State,* 501 P.2d 529 (Okl.Cr.1972), that the testimony of the prosecutrix was "incredible and so insubstantial as to make it unworthy of belief" and therefore corroboration was required in order to sustain a conviction. With this we thoroughly disagree.

■ The appellant bases his contention on the fact that the prosecutrix testified that it was a moonlit night whereas the almanac indicated the moon was at the end of its last quarter, indicating a dark night. We do not believe this slight inconsistency makes corroboration of her testimony necessary.

There are sixty-nine pages of testimony by the prosecutrix in the transcript of the trial and we find her testimony to be quite believable and worthy of credence. She testified she was able to identify the appellant as her assailant because she was face to face with him for forty-five minutes during the rape as well as looking at him when she was told to get out of the car and when she watched him leave. Further, her identification was corroborated by evidence presented by the State consisting of a hair taken during a pubic combing of the prosecutrix which was consistent with pubic samples taken from the appellant and the fact that antigen "H", indicative of the appellant's blood type, was found in sperm cells found on the prosecutrix' jeans. Therefore, this contention of error is without merit.

Next the appellant argues that the in-court identification of the appellant by the prosecutrix was tainted by pre-trial irregularity. Specifically he complains that the

irregularity stemmed from the presentation of a single photograph of a suspect to the prosecutrix three days after the occurrence of the crime. She testified at trial that the picture resembled the appellant but she knew it was not him. She again viewed this same suspect as part of the first lineup she saw. The appellant was not present at this lineup and the prosecutrix did not identify anyone at this time.

The appellant apparently is arguing that because the person represented in the first photograph resembled him, the prosecutrix' identification of the appellant was not based on her original mental picture, but on his earlier photograph.

■ We find no basis for the appellant's argument. Even assuming the one-on-one photograph viewing was slightly suggestive, this Court has stated numerous times that this does not require exclusion of an in-court identification provided the in-court identification is reliable. *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). In determining whether the in-court identification is reliable, this Court considers the factors stated in *Manson v. Brathwaite,* supra.

> ... the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.

In the present case, the prosecutrix testified that her identification of the appellant was based upon her memory of the incident, that the ordeal lasted approximately forty-five minutes and that during that time she had the opportunity to get a good look at the appellant three different times. Considering the totality of the circumstances, we find the in-court identification was sufficiently reliable.

■ Asserted as error in the fourth proposition is the failure of the prosecution to supply the defense with information concerning an attempted rape which took place prior to the incident in question. However,

as the State points out: "[a] prerequisite to relief for non-disclosure of required information is that the defense did not have independent knowledge of and access to the evidence in question." *Castleberry v. Crisp,* 414 F.Supp. 945, 948 (W.D.Okl.1976). In this case it is apparent that the defense had knowledge of the attempted rape because during the trial the defense counsel had the investigative report filed by the police concerning the attempted rape read into evidence. In addition, the defense counsel cross-examined the prosecutrix concerning information the police had mentioned to her regarding this other incident.

■ The appellant cites, as part of his argument above, pages 133 and 134 of the transcript. However, these pages do not concern the earlier attempted rape, but rather the fact that the State conducted additional tests on medical samples without the defendant's knowledge. The results of the tests were made known to defense counsel the day after the State learned of the results. Thus, no disclosure violations occurred with these materials either.

■ The two final contentions concern error which allegedly occurred during the punishment stage of the trial. The appellant first argues that one of his previous convictions, Burglary of an Automobile, should not have been used to enhance his punishment because the appellant was not represented by counsel at that proceeding. However, it is not necessary for us to decide whether or not the use of that conviction was valid because the State also introduced two other previous convictions. Therefore, notwithstanding the challenged conviction, sufficient evidence was presented by the State to justify the appellant's conviction under 21 O.S.1981, § 51(B). *Hill v. State,* 648 P.2d 1268 (Okl.Cr.1982).

■ The appellant also contends that the sentences he received of seventy-five years' imprisonment for each charge were excessive considering the circumstances of each case. While it is true that such a sentence might be considered excessive for a first offense, the appellant's sentence in this case

was enhanced in accordance with 21 O.S. 1981, § 51(B) which meant the minimum number of years the jury could assess was twenty years on each count. The fact that the jury chose to assess more than the minimum penalty does not shock the conscience of this Court and therefore no error occurred. *Dodson v. State,* 562 P.2d 916 (Okl. Cr.1977).

The judgment and sentence is AFFIRMED.

CORNISH, J., concurs.

BUSSEY, P.J., concurs in results.