Roger Elvin HALL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–320.

Court of Criminal Appeals of Oklahoma.

March 16, 1988.

---

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Roger Elvin Hall, was convicted in the District Court of Tulsa County of the crimes of Kidnapping After Former Conviction of Two or More Felonies (Count I) and Lewd Molestation After Former Conviction of Two or More Felonies (Count II) in Case No. CRF–84–2972. Punishment was set at one hundred and twenty (120) years' imprisonment on each count to run consecutively. From these judgments and sentences, he appeals.

On August 11, 1984, at approximately midnight, Tulsa police stopped the appellant for speeding. At the same time, the police received a report that the appellant's pickup matched a description of one involved in an attempted abduction.

In order to facilitate identification of the perpetrator of the attempted abduction, the police brought the kidnapping victim and her girlfriend to where the appellant was detained. The girls were quite distraught over the incident and initially would not look at the appellant, so the policeman showed the girls the appellant's driver's license. Shortly thereafter, the girls looked at the appellant and identified him as the abductor.

Investigating officers took photographs of tire tracks at the scene of the abduction and photographs of the tread on the appellant's vehicle. The prosecution introduced these photographs into evidence. The investigating officers testified as to the nature of the photographs.

### I

The appellant's first assignment of error is that the trial court erred by denying his motion for disclosure of exculpatory evidence. At the preliminary hearing, the appellant presented an omnibus motion for production of exculpatory evidence. The presiding magistrate recognized that she did not have authority to rule on the motion and declined to do so. *State v. Benson,* 661 P.2d 908 (Okl.Cr.1983). Later, and prior to trial, the appellant filed a supplemental motion to produce. However, the record fails to reflect a ruling by the trial court on the motions.

The appellant alleges that the State suppressed the name of a witness who knew

the identity of the assailant. Furthermore, he alleges that the photographs of the appellant's tire tread and the tire tracks taken at the scene of the abduction may have proven to be exculpatory evidence.

Appellant in his motion for new trial summarily alleged error by the trial court in overruling the motion for production of exculpatory evidence. This Court has held that failure of the record to disclose the ruling on a motion precludes review of allegations of error. *Ferguson v. State,* 675 P.2d 1023 (Okl.Cr.1984); *Russell v. State,* 556 P.2d 1041 (Okl.Cr.1976). Moreover, the appellant has not shown that the State suppressed evidence nor that such evidence was favorable to him and that the photographs and testimony of the reported witness were material to his guilt or punishment. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). See also *Moore v. Illinois,* 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).

The witness claimed by the appellant to have been suppressed was revealed in the preliminary hearing to be a friend of the appellant's own witness. The appellant had three months before trial to interview this witness himself. Since the defense had independent knowledge and access to the witness, there was no requirement for the State to reveal the purported witness. *Gregg v. State,* 662 P.2d 1385 (Okl.Cr.1983).

Our statutory scheme provides that the defense is entitled to any sworn statement taken by the State. 22 O.S.1981, § 749. Other discovery rules have been developed through case law. Generally, discovery in criminal cases is not as liberal as that in civil cases. Materiality in regard to the defendant's fundamental rights must be shown in order to grant a motion for exculpatory evidence. Such a motion must be based on facts, not conclusions, surmises or conjecture. *Bettlyoun v. State,* 562 P.2d 862 (Okl.Cr.1977).

A prerequisite to relief for non-disclosure of required information is that the defense did not have independent knowledge and access to the evidence in question. *Gregg, supra.* Therefore, the appellant incorrectly asserts his claim for relief.

The appellant asserts that the photographs introduced at trial may have proven to be exculpatory if revealed to him prior to trial. There is no evidence to suggest that the State suppressed the evidence prior to trial. No prejudice to the appellant resulted from the admission of the photographs at trial as the appellant had ample opportunity to inspect the photographs at trial and to cross-examine the witnesses. An appellant must show prejudice before a conviction will be reversed for failure to release exculpatory evidence. *Stevenson v. State,* 486 P.2d 646 (Okl.Cr.1971).

## II

In his second assignment of error the appellant asserts that the trial court erred in allowing the two officers to testify about two photographs, one of the appellant's tire tread and the other of a tire track left at the scene of the abduction. He claims they were not qualified as experts. The officers testified that they were present at the time the photographs were taken at the scene of the abduction and at the wrecker lot where the appellant's vehicle was located. Their testimony in essence was that the photographs were accurate representations of the tire tread and tire track.

We find that both officers testified from their own personal knowledge of the similarities between the appellant's tire tread and the tire tracks. The witnesses were not expert witnesses and the appellant brought this out on cross-examination. Rather than testifying as experts, the officers' testimony was offered as an opinion or inference as a lay witness. Title 12 O.S.1981, § 2701 establishes that such testimony must be rationally based on the witness' perception; and, 2) helpful to a clear understanding of his testimony on a fact in issue. Lay witness testimony should only be rejected when not rationally based on the witness' perception. *Green v. State,* 713 P.2d 1032 (Okl.Cr.1985).

The jury ultimately was the final arbiter of the weight to be given the testimony as to the photographs, and such testimony

aided in the identification of the assailant's vehicle. This assignment is without merit.

### III

The third assignment is that the trial court erred in failing to suppress the eyewitness identification of the appellant. The officers took the victim and her girlfriend to the place where appellant had been detained. Due to the girls' distraught state and fear of viewing the appellant, the police initially showed them the appellant's driver's license and thereafter convinced them to view the appellant. In both instances, the girls positively identified the appellant as the abductor.

The appellant contends that the victim was too hysterical to give an accurate initial description of her assailant and that the alleged inaccuracies in her description made the subsequent identification unreliable. We disagree.

> There is no prohibition against a viewing of a suspect alone in what is called a 'one-man showup' when this occurs near the time of the alleged criminal act; such a course does not tend to bring about misidentification but rather tends under some circumstances to insure accuracy. The rationale underlying this is in some respects not unlike that which the law relies on to make an exception to the hearsay rule, allowing spontaneous utterances a standing which they would not be given if uttered at a later point in time. An early identification is not error. Of course, proof of infirmities and subjective factors such as hysteria of a witness can be explored on cross-examination and in argument. (Footnote omitted.)

*Bates v. United States,* 405 F.2d 1104, 1106 (D.C.Cir.1968); See additionally this Court's opinion in *Nubine v. State,* 506 P.2d 952 (Okl.Cr.1973).

For the above and foregoing reasons the judgments and sentences are accordingly AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Although I agree with this decision, I continue to be wary of one-person showups as enunciated in my separate opinion in *Chatman v. State,* 716 P.2d 258, 260 (Okla. Crim.App.1986).