1999 OK CIV APP 29

**Teresa McCLURE, Plaintiff/Appellee,**

v.

**GROUP K ENTERPRISES, INC., d/b/a Midnight Rodeo, Defendant/Appellant.**

**No. 91,114.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 23, 1999.

Richard A. Gann, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, Oklahoma, For Appellee.

Steven V. Buckman, Steven V. Buckman, P.C. Tulsa, Oklahoma, For Appellant.

## OPINION

TAYLOR, J.

¶1 Defendant, Group K Enterprises, Inc., appeals a judgment on a jury verdict in favor of Plaintiff, Teresa McClure, in her action for negligence for failure to provide adequate security and failure to properly regulate the use of beer bottles on the prem-

ises. After a review of the record and applicable law, we affirm.

¶2 On August 6, 1994, Plaintiff and two of her friends went to Defendant's country dance club, Midnight Rodeo, to dance. While Plaintiff was dancing on the dance floor, she was struck in the mouth by a beer bottle that apparently came from somewhere on the dance floor. As a result, Plaintiff lost two upper teeth and sustained deflection of two other teeth. She also required stitches in her lip and will require a bone and gum material transplant.

¶3 Plaintiff brought this action against Defendant for negligence, alleging Defendant failed to provide adequate security which would have prevented or discouraged the assault. She also alleged Defendant failed to maintain proper regulations regarding the restriction of consumption of beer and the use of beer bottles on the premises, which would have prevented the incident. Defendant moved for summary judgment on the grounds that it was not negligent because there was no breach of duty, and that an intervening act caused Plaintiff's injuries. Defendant also alleged that Oklahoma does not allow recovery on a claim for inadequate security. The trial court overruled the motion for summary judgment and the case was tried before a jury, which returned a verdict in favor of Plaintiff and set her damages at $40,000. Defendant appeals.

■ ¶4 Defendant asserts that it did not breach a duty towards Plaintiff and that her injuries were proximately caused by the criminal acts of an unidentified third person. In Oklahoma, "[a]n invitor has a duty to exercise reasonable care to prevent injury to a business invitee.... However, an invitor is not an insurer of the safety of others and is not required to prevent all injury occurring on the property." *Taylor v. Hynson,* 1993 OK 93, ¶16, 856 P.2d 278, 281 (citations omitted). The invitor will not be responsible for injury unless the invitor has notice or could be charged with gaining knowledge of the situation in time to remove it or to give warning of its presence. *Id.*

■ ¶5 Furthermore, an invitor does not have a duty to protect against criminal assaults by third parties unless the invitor knows or has reason to know that the acts are occurring or are about to occur. *Id.* at ¶17, 856 P.2d at 281. However, when the invitor has knowledge of imminent danger to an invitee, the invitor must act reasonably to prevent injury. *Id.* Thus, in *Taylor,* the court found there was a factual dispute regarding whether an employee knew an assault was occurring or was about to occur on the premises, and whether, if the employee had such knowledge, the employee acted reasonably under the circumstances. *Id.* at ¶18, 856 P.2d at 281.

■ ¶6 Also, where negligent conduct creates a situation affording an opportunity for a third person to commit a tort or crime, the tort or crime is a superseding cause of harm "unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to create a tort or crime." *Graham v. Keuchel,* 1993 OK 6 n. 37, 847 P.2d 342, 349–350 n. 37 (quoting Restatement (Second) of Torts § 448 (1965)).

¶7 According to the Restatement (Second) of Torts § 344, comment f (1965):

Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

■ ¶8 Moreover, the degree of care that an ordinarily prudent person should exercise in a given situation presents an issue of fact for the jury where the law has not

definitely prescribed the standard of care to be followed. *See Wetsel v. Independent School Dist. I–1,* 1983 OK 85, ¶ 8, 670 P.2d 986, 990. "Where the negligence claim rests on a breached standard of care that is not legally fixed, but remains variable, shifting with the circumstances of the case, ... the presence or absence of care that is due tenders a controversy for jury resolution." *Id.,* 670 P.2d at 990–91.

¶ 9 In the present case, Plaintiff asserted that Defendant failed to exercise reasonable care to prevent her injury by selling beer in glass bottles to patrons with a propensity for violent behavior; by allowing patrons to carry glass beer bottles on the dance floor; and by providing inadequate security. Defendant's evidence indicated that the establishment had a rule against people bringing beer bottles onto the dance floor. However, Plaintiff presented testimony establishing that several patrons were seen on the dance floor with beer bottles. Plaintiff also presented evidence that many assaults had been reported at the establishment.

¶ 10 From our review of the record, Plaintiff presented sufficient evidence to establish that Defendant should have reasonably anticipated that its failure to enforce its rules regarding glass beer bottles created a danger of injury to other patrons from careless behavior. Inferences may be drawn from the evidence indicating a failure by Defendant to take reasonable precautions against harm. Moreover, Plaintiff's injury was due to a flying beer bottle on the dance floor, which was a reasonably foreseeable occurrence when glass beer bottles are allowed where people are dancing. The creation of the dangerous condition was therefore a proximate cause of injury despite the intervening act of the third person. Where the proof lends support to conflicting inferences, the choice is an issue of fact for the jury, which will not be disturbed if supported by competent evidence. *See id.,* 670 P.2d at 991; *Walker v. St. Louis–San Francisco Ry. Co.,* 1982 OK 25, ¶ 10, 646 P.2d 593, 597. The jury's determination on this issue is supported by competent evidence.

¶ 11 Defendant also asserts that the trial court improperly allowed a lay witness to testify regarding his opinion of the location from which the beer bottle came. In this regard, the witness was on the dance floor near Plaintiff and expressed his opinion that the bottle came from a location on the dance floor. He formed this opinion because Plaintiff was in the center of the dance floor and surrounded by numerous other dancers when she was struck.

¶ 12 The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal in the absence of an abuse of discretion and prejudice to the opposing side. *See American Biomedical Group, Inc. v. Norman Regional Hosp. Auth.,* 1993 OK CIV APP 83, 855 P.2d 1074. Under 12 O.S.1991 § 2701:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are:

1. Rationally based on the perception of the witness; and

2. Helpful to a clear understanding of his testimony or the determination of a fact in issue.

¶ 13 The testimony of a lay witness is therefore admissible if it is predicated on concrete facts within personal observation and perception, and the lay testimony should only be rejected when not rationally based on the witness' perception. *See Randolph v. Collectramatic, Inc.,* 590 F.2d 844 (10th Cir. 1979); *Hall v. State,* 1988 OK CR 53, 751 P.2d 1091. In the present case, the witness' opinion was based on his own observations of Plaintiff's location on the dance floor and the number of other dancers surrounding her. Under these circumstances, the admission of the lay testimony was not an abuse of discretion.

¶ 14 Defendant next asserts that the trial court erred in not admitting evidence as to other night clubs which also serve beer in bottles. As previously discussed, Defendant's conduct was to be judged by a standard of ordinary and reasonable care under the circumstances. The jury made its determination based on these factors, and the court did not abuse its discretion in not ad-

mitting evidence regarding the practices of other night clubs.

¶15 We conclude that Plaintiff's evidence established a prima facie case of negligence, and the trial court properly denied Defendant's motion for a directed verdict. The judgment entered on the jury verdict is affirmed.

¶16 AFFIRMED.

GOODMAN, P.J., and RAPP, J., concur.