**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA
*ex rel.* MORRIS TOLD; and MORRIS
TOLD, on his own behalf,

      Plaintiff-Appellant,

v.

INTERWEST CONSTRUCTION CO.,
INC., a Utah Corporation; and
DOES 1-100, inclusive,

      Defendant-Appellee.

No. 07-4156
(D.C. No. 2:03-CV-751-PGC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Morris Told filed this qui tam action, as a relator, against Interwest

Construction Co., Inc. ("Interwest"), alleging: (1) violations of the False Claims

Act ("FCA"), see 31 U.S.C. §§ 3729(a) & 3730(b),(h); and (2) acts of common

law fraud and unjust enrichment under Utah law. The district court found that all

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Told's claims were time barred under the applicable statutes of limitations, and granted summary judgment to Interwest. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.

## I

Between 1992 and 1994, Told's company, M.T. Enterprises, Inc. ("Enterprises"), worked as a subcontractor for Interwest, the general contractor selected by the United States to perform construction work at the Veterans Administration Hospital in Salt Lake City, Utah ("VA project").[1] In August 2003, Told filed the present action against Interwest, claiming that it had violated the FCA and state common law by: (1) wrongfully retaining funds owed to Enterprises, as well as other subcontractors, in relation to the VA project, and (2) failing to timely pay Enterprises and other subcontractors for work performed during the project.

Following the completion of scheduled discovery, Interwest moved for summary judgment, arguing that Told's federal and state claims were barred by the applicable statutes of limitations. The district court agreed. It concluded that all of Told's claims were time barred. See 31 U.S.C. § 3731(b)(1) (setting forth a six-year statute of limitations for FCA actions brought by relators); Utah Code Ann. §§ 78-12-26(3) & 78-12-25 (setting forth statutes of limitations for state law

---

[1] In 1995, Enterprises sued Interwest over the parties' respective obligations under their VA project subcontract. The district court dismissed that suit in 2004 for failure to prosecute.

claims of fraud and unjust enrichment). Additionally, the court concluded that

insofar as Told's opposition to Interwest's motion for summary judgment could

be read to assert a new allegation of a timely claim under the FCA, such a claim

would not be allowed at the summary judgment stage. Otherwise, the court

reasoned, Interwest would be unfairly prejudiced.[2] The court therefore entered

summary judgment in favor of Interwest on all claims. This timely appeal

followed.

## II

"We review the district court's grant of summary judgment de novo,

applying the same legal standard employed by the district court. Summary

judgment is appropriate only where there is no genuine issue of material fact and

one party is entitled to judgment as a matter of law." MediaNews Group, Inc. v.

McCarthey, 494 F.3d 1254, 1260 (10th Cir. 2007) (quotations omitted). Told

brings three arguments on appeal.[3] He first claims that we should revisit the prior

---

[2]    The scheduling order entered by the district court provided deadlines of March 2, 2007, to amend the pleadings, and April 2, 2007, to complete discovery. Nevertheless, rather than request permission from the district court to amend his complaint to include new claims prior to the end of either the amendment period or the discovery period, see Fed. R. Civ. P. 15(a), Told waited to raise the two additional claims he now asserts until he filed his opposition to Interwest's motion for summary judgment on May 18, 2007.

[3]    Because Told does not address that portion of the district court's summary judgment order holding that his state law claims for fraud and unjust enrichment were barred by the applicable state statutes of limitations, Told has waived those issues on appeal. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7

(continued...)

-3-

Tenth Circuit precedent that required the district court to determine that his well-pleaded FCA claims were time barred. Told next contends that the district court erred in dismissing an additional FCA claim related to the VA project that would have been timely, urging that his original complaint was sufficiently broad to encompass this claim, or alternatively, that the district court should have allowed him to amend his complaint to include it. Finally, Told alleges that he raised yet another FCA claim in both his complaint and his opposition to Interwest's motion for summary judgment that was unrelated to the VA project, and that the district court failed to rule on that claim.

## A

As to the statute of limitations issue, Told concedes that his claims are time barred under this court's interpretation of 31 U.S.C. § 3731(b) in United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702, 725 (10th Cir. 2006), in which we held that the FCA's six-year statute of limitations applies to actions pursued by private qui tam relators. Nonetheless, he "believes that this Court should reconsider and reverse itself on this issue for sound policy reasons." Because "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court,"

³(...continued)
(10th Cir. 1994). He has also waived challenges to any other orders issued by the district court that he has not addressed in his briefings, despite his declared intent to appeal from more than simply the district court's summary judgment order. See id.

-4-

United States v. Meyers, 200 F.3d 715, 720 (10th Cir. 2000) (quotation omitted), we decline Told's novel invitation to revisit our decision in Sikkenga.

**B**

Told next urges that the district court erred in granting summary judgment to Interwest on an additional VA project claim that was unrelated to his time-barred claims. Specifically, he complains that the district court should have considered the merits of his allegations that Interwest violated the FCA in relation to its 1999 receipt of a $375,000 settlement from the government in relation to the VA project. According to Told, this claim was not time barred because it "occurred on or after August 29, 1997," and his lawsuit was filed within six years of that date.

As to this claim, the district court found that Told had failed to state the relevant allegations in the complaint itself, and thus construed the argument Told raised in his opposition motion as an implicit motion to amend the pleadings. It then denied that motion. Before us, Told contends that his complaint did, in fact, plead this additional claim, or, in the alternative, that the court should have allowed him to amend his complaint to add it. We disagree.

The "heightened pleading requirements [of Rule 9(b) of the Federal Rules of Civil Procedure] apply to actions under the FCA." Sikkenga, 472 F.3d at 726. "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." Id. at 726-27 (quotation omitted). In

reviewing whether the complaint pleads fraud with the requisite particularity, "we accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the non-moving party." Id. at 726. Our analysis is necessarily limited to the text of the complaint. Id.

According to Told, the following paragraph in his complaint set forth his additional FCA claim with the particularity required:

> Upon information and [b]elief, these defendants almost certainly have committed these same kinds of violations of the False Claims Act in connection with all other projects that they have been engaged which were funded in any way by Federal funds; and have violated said False Claims Act in connection with all said projects up through the filing of this complaint and through the date of trial.

As we see it, this statement, when considered together with the remainder of the complaint, "falls woefully short of adequately pleading" an FCA violation in relation to the claim Told now attempts to put forth. See id. at 727. Although we read the complaint to generally set forth the "who," and perhaps the "what," of the additional claim, that pleading clearly fails to allege well-pleaded facts related to the "when," "where," and "how" of the purported FCA violation.

Furthermore, Told's contention that the district court should have allowed him to amend his complaint is without merit. "The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion, and will not be disturbed absent an abuse of that discretion." Orr v. City of Albuquerque, 417 F.3d 1144, 1153 (10th Cir. 2005) (quotations omitted).

-6-

Such an abuse does not occur unless the district court's decision "is arbitrary, capricious, whimsical, or manifestly unreasonable." Id. (quotations omitted).  In providing Told the benefit of the doubt in entertaining a potential amendment, the district court stated that it "could overlook [his] failure to timely add this claim if pursuing it now would not subject Interwest to prejudice.  But at this point in the proceedings, an amendment to [the] pleadings would substantially prejudice Interwest and would lead to judicial inefficiency."

On the record before us, we cannot say that the district court abused its discretion in disallowing this additional claim, particularly considering that discovery was already complete and the court had a fully submitted motion for summary judgment before it.  "Courts typically find prejudice . . . when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment.  Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." Minter v. Prime Equip. Co., 451 F.3d 1196, 1208 (10th Cir. 2006) (citation and quotation omitted).  Although Told's belated claim purportedly arose under the FCA, it involved entirely different facts (i.e., the settlement agreement between the government and Interwest).  As the district court recognized, requiring Interwest to defend against this claim late in the proceedings would "place a serious burden on Interwest, effectively putting the parties back at square one."

## C

Lastly, Told argues that the district court erred by failing to dispose of his claim regarding Interwest's alleged FCA violations on certain United States post office projects. Although we conclude that the district court should have explicitly addressed this additional claim, we discern no reversible error on this issue.

As an initial matter, it is apparent that Told never alleged any FCA violations in his complaint in relation to Interwest's activities on federally funded post office projects, at least not with the specificity required under Rule 9(b). See Sikkenga, 472 F.3d at 726-27. His contention on appeal related to this alleged claim can therefore only be based on his argument that he raised an implicit motion to amend the complaint when he mentioned the post office allegations in his opposition to Interwest's motion for summary judgment.

Told is correct that the district court failed to rule separately on his alleged post office claim; the court's order disposing of the case mentions only Told's attempt to add the claim related to the $375,000 settlement payment. In light of the court's failure to address the post offices claim, we consider the district court's decision to be an implicit denial of the purported motion to amend, and will review that decision for an abuse of discretion. See Orr, 417 F.3d at 1153 (setting forth abuse of discretion standard of review); cf. Spencer v. Wal-Mart Stores, Inc., 203 F. App'x 193, 195 (10th Cir. 2006) (unpublished) (construing a

district court's failure to explicitly deny a motion to amend as an implicit denial of such motion).

As the Supreme Court has recognized, an "outright refusal to grant [] leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the Federal Rules" of Civil Procedure. Foman v. Davis, 371 U.S. 178, 182 (1962). We therefore assume that the district court abused its discretion in not providing any reasons to justify its refusal to allow Told to add his post office claim. Nevertheless, we need not reverse the judgment based on such an error if the error is otherwise harmless. See Lambertsen v. Utah Dep't of Corr., 79 F.3d 1024, 1029 (10th Cir. 1996). Harmless error in this context occurs if "the record contains an apparent reason justifying the denial of [the] motion to amend." Id. Based on our independent review of the record, we conclude that there is a clear reason for the implicit denial. To be sure, the very same reasons given by the district court for its explicit denial of Told's implicit motion to amend the complaint to add a claim related to the $375,000 settlement payment also support the denial of Told's attempt to add any claims related to federal post office projects. See id.

**AFFIRMED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

-9-