Beatrice B. ISLEY, Margaret Nave Johnson, Martha Zeigler Gay, Charles Andrew Zeigler, and Edith Sargeant, Appellants,

v.

Vincent L. BOGART, John Stevens, William Tarrant, Carl A. Bell, Jr. and Gerald Byrd, as members of the governing body of Board of City Commissioners, Wichita, the City of Wichita, Kansas, and C. H. Funk, City Clerk of the City of Wichita, Kansas, Appellees.

No. 7714.

United States Court of Appeals
Tenth Circuit.

Nov. 4, 1964.

Rehearing Denied Nov. 25, 1964.

Emmet A. Blaes, Wichita, Kan. (J. Francis Hesse and Harry L. Hobson, of Jochems, Sargent & Blaes, Wichita, Kan., with him on the brief), for appellants.

Eugene Pirtle and Douglas E. Shay, Wichita, Kan., (John Dekker, Wichita, Kan., with them on the brief), for appellees.

Before LEWIS, BREITENSTEIN, and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a declaratory judgment action under 28 U.S.C. § 2201 with jurisdiction

based on diversity. Appellants-plaintiffs are the successors in interest of the owners of real property taken by the City of Wichita, Kansas, by condemnation. The appellees-defendants are the City of Wichita and various of its officials. The plaintiffs claim that, because the uses for which the property was condemned have terminated, they, as present owners, are entitled to full dominion over the property. The trial court held for the City and this appeal followed.

In 1929, Wichita condemned 21 lots in a certain block. The property was used primarily as a public produce market under the direction and control of Wichita until the spring of 1960 when Wichita repealed the ordinance authorizing the operation of the property as a public produce market and leased 17 of the 21 lots to Rapid Transit Lines, Inc., a privately owned public utility operating busses under a franchise granted by Wichita. The lease calls for a rental of $1,000 monthly and has a one-year term with provisions for annual automatic extensions for 9 additional years subject to termination at the end of any year by 6 months advance notice. Rapid Transit uses the property for the maintenance and parking of its busses. The 4 lots not leased to Rapid Transit are used for training firemen and testing fire equipment.

The questions are what was the public use for which the property was acquired and whether that use has ended. The trial court decided that Wichita held the property as a public square and that the present uses are not inconsistent with the purposes for which the property was acquired.

The property was not, and could not have been, acquired by condemnation for a public square. Applicable Kansas law [1] authorizes the purchase, but not the condemnation, of "public squares." Property may be condemned for "market places."[2] The use in the implementing ordinances and in the condemnation proceedings of the terms "public square" and "market square" does not aid Wichita. It can exercise the power of eminent domain only by virtue of legislative authorization which "should never be enlarged by implication."[3] The taking must be for a public purpose designated by statute.[4] The City may not extend its statutory powers by general language in ordinances or in pleadings in condemnation actions. The acquisition of the property by condemnation precludes any claim that the public purpose was use for a public square.

We see no escape from the conclusion that the disputed property was acquired for use as a "market place." By the condemnation Wichita acquired only an easement sufficient for the public use intended and not a fee title.[5] The Kansas rule is that "when the purposes which authorized the condemnation [have] been terminated the burden of servitude is lifted from the land and the owner of the basic fee returns to full dominion."[6]

We agree with the trial court that when Wichita repealed the ordinance providing for the operation of a public produce market on the property, and leased the property to Rapid Transit, "it ceased to use the property as a market square, public market, and produce market." Although the trial court did

---

1. R.S.Kan.1923, § 12–1301.

2. R.S.Kan.1923, §§ 13–1023 and 13–1060.

3. Sutton v. Frazier, 183 Kan. 33, 325 P. 2d 338, 345.

4. See Barker v. Kansas City, 146 Kan. 347, 70 P.2d 5, 15.

5. Sutton v. Frazier, 183 Kan. 33, 325 P.2d 338, 346. This case distinguished Skelly Oil Co. v. Kelly, 134 Kan. 176, 5 P.

2d 823, which was concerned with a Kansas statute providing that "title to lands condemned by any city for parks, parkways or boulevards shall vest in such city." In the statute authorizing condemnation for "market places" the legislature neither expressly nor by necessary implication authorized the taking of fee simple title.

6. Federal Farm Mortgage Corp. v. Smith, 149 Kan. 789, 89 P.2d 838, 839.

not mention the 4 lots used for training firemen and testing fire equipment, the same reasoning would apply to those lots. The question is the effect of the change of use.

■■ In holding that the use which Wichita now makes of the property "does not constitute an abandonment of the property which would warrant a reverter to the plaintiffs," the trial court relied on the rule stated in McAlpine v. Chicago Great Western Ry., 68 Kan. 207, 75 P. 73, and other Kansas decisions that nonuse and misuse are not sufficient to cause a reverter of property dedicated to public use. The rule is not applicable because Wichita obtained the property by condemnation—not by dedication. The two are different. A dedication is a voluntary act and the dedicator can provide for reversion or revestment if he chooses. In condemnation an owner parts with his property involuntarily and the condemnor secures no greater title or right than that permitted by the authorizing statute.

Wichita argues that in Christman v. City of Wichita, 10 Cir., 209 F.2d 639, the dedication rule was applied in a condemnation case. We do not agree. Christman by way of dicta recognized the rule stated in McAlpine but decided the case on the ground that the uses made of the property were consistent with the use for which it was condemned. Harvey v. Missouri Pac. R. R. Co., 111 Kan. 371, 207 P. 761, 50 A.L.R. 300, is different from the case at bar. Harvey was concerned with a railroad right of way obtained by condemnation and held that the rights acquired were not "lost through lapse of time and nonuse, so long as the railway has a potential need of them." In the case at bar Wichita has by ordinance terminated the use of the property for a market place; the premises are now devoted to activities having nothing to do with a market place; and no showing is made of any future need of the premises for a market place.

In our opinion the purposes which authorized the condemnation have terminated; the burden of servitude is lifted; and the owners of the basic fee return to full dominion.[7]

The judgment is reversed and the case is remanded for further proceedings in conformity with the principles stated herein.

---

7. See Federal Farm Mortgage Corp. v. Smith, 149 Kan. 789, 89 P.2d 838, 839.