**RAPID TRANSIT LINES, INC.,**
**Plaintiff-Appellant,**

v.

**WICHITA DEVELOPERS, INC., et al.,**
**Defendants-Appellees.**

**No. 192–70.**

United States Court of Appeals,
Tenth Circuit.

Dec. 29, 1970.

Phillip Mellor, Wichita, Kan., for plaintiff-appellant.

Harry L. Hobson, Wichita, Kan. (Emmet A. Blaes, Wichita, Kan., on the brief), for defendants-appellees.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Plaintiff-appellant Rapid Transit Lines, Inc., sued the defendants-appellees as the owners of real property to recover damages for wrongful eviction from leased premises and for unamortized lease improvement costs. The state court action was removed to federal court on diversity grounds and the trial court denied recovery.

The Lessee had a franchise to operate a public transportation system in Wichita, Kansas, and leased from the City certain lots to use as a bus garage. The 10-year lease gave the City the right to terminate on June 3 of any calendar year provided that six months prior notice was given. In the event of such termination the City agreed to pay the Lessee the amount of any unamortized improvement cost. In Isley v. Bogart, 10 Cir., 338 F.2d 33, we held that because of the abandonment by the City of the use for which the lots had been condemned, the owners of the basic fee had full dominion over them.

The City then assigned the lease to the Owners, defendants-appellees herein. Certain disputes between the City and the Lessee were resolved and the Lessee gave the City a release from all claims except that it reserved any rights it might have by reason of structures and improvements made by it in accordance with terms of the lease. Thereafter, litigation continued in federal and state courts among the Lessee, the City, and the Owners. A review of the details of this litigation would serve no good purpose. Eventually the Lessee brought the present suit against the Owners.

The issues relating to unamortized improvement costs were disposed of by the grant of a motion to dismiss the pertinent claims. In this regard the trial court filed a comprehensive memorandum and order setting forth the complex history of the litigation and held that the Lessee was barred by res judicata and collateral estoppel from asserting the claim for unamortized improvement costs. The scatter-gun attack which the

Lessee now makes on this ruling does not impress us. Its citation of but one authority, and that of no pertinence, suggests either that there is no authority to sustain its position or that it expects the court to do its research. We decline the invitation because we are convinced that the ruling of the trial court can be upheld without delving into the complexities of res judicata and collateral estoppel.

 The right to unamortized improvement costs depends on the lease from the City. In a third-party complaint filed in a previous lawsuit against city officials, the Lessee referred to our Isley v. Bogart decision, supra, and alleged: "That by reason thereof, Third Party Defendant [City] misrepresented to Third Party Plaintiff [Lessee] their ownership of said subject property and the said lease was void and of no force and effect from its inception." The court denied recovery under the third-party complaint. Although this occurred in another lawsuit it was between the same parties over the same subject matter and in the same court. Under Kansas law this is a quasi admission which is of evidentiary value because it is against present interest. Kington v. Ewart, 100 Kan. 49, 164 P. 141, 142; see also Wigmore on Evidence 3d ed. § 1064, pp. 45–46.

 Lessee makes no effort to rebut the effect of this statement. Instead it inconsistently relies on the lease. But we need not concern ourselves with ancillary procedural, evidentiary, or substantive problems because we are convinced that under the lease it has no claim to the unamortized improvement costs. The lease provides that in the event the City terminates by giving six months notice, the City "shall be liable to pay LESSEE the unamortized portion, as determined by good accounting procedure, of any improvements placed or constructed upon the premises by LESSEE with the written consent of the City Manager of the City of Wichita * * *." The lease was not terminated by notice. Instead the Lessee was evicted for non-payment of rent. In the circumstances even if the lease is valid and even if there is no res judicata, waiver, estoppel or issue preclusion, the Lessee is not entitled to the unamortized improvement costs.

 The remaining issue relates to damages allegedly suffered upon eviction. In granting summary judgment for the Owners the district court said:

"The plaintiff [Lessee] stated in open Court that it had no evidence to offer contradicting the evidence set forth by the defendants [Owners] and relied upon by them in support of said Motion for Summary Judgment."

The court found no actual damage and held that in the absence of actual damage there could be no recovery of punitive damages. We find no genuine dispute as to any material fact. The grant of summary judgment was proper.

Affirmed.