**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT DIMOND,

      Plaintiff-Appellant,

v.

J.C. PENNEY COMPANY, INC.,
doing business as J.C. Penney
Telemarketing, Inc.,

      Defendant-Appellee.

No. 96-2131
(D.C. No. CIV-94-718-BB)
(D. N.M.)

ORDER AND JUDGMENT*

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This dispute arises out of plaintiff's brief employment with defendant. Defendant hired plaintiff, a white male, as a customer service representative on September 23, 1992, when plaintiff was sixty-seven years old. Defendant's customer service representatives take catalog orders from customers over the telephone, and key the orders into a computer. Plaintiff completed his probationary period on December 22, 1992. At about the same time, plaintiff filled out an application for a promotion to the position of personnel coordinator. Defendant interviewed nine out of eighteen applicants for the job, and did not interview plaintiff. Defendant selected an Hispanic female under age forty with over six years of experience with defendant for the position. Plaintiff continued working for defendant until July 3, 1993, when he suffered a kidney stone attack. Plaintiff went on sick leave and remained on sick leave for a variety of problems, including bilateral carpal tunnel syndrome. Defendant terminated plaintiff's employment effective April 30, 1994.

Plaintiff brought this suit, asserting federal claims under the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654. Plaintiff also asserted pendent state law claims for wrongful termination, wrongful denial of long-term benefits, bad-faith refusal to pay

insurance benefits, and negligence.  Plaintiff's claims were tried to the district court, which found in favor of defendant on all claims.  Plaintiff appeals.  We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Plaintiff raises four issues on appeal.[1]  In each case, we review the district court's legal conclusions de novo and its underlying factual findings for clear error.[2]  See, e.g., Curry v. United States, 97 F.3d 412, 414 (10th Cir. 1996) (Federal Tort Claims Act case).  A finding of fact is clearly erroneous if "it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made."  Heim v. Utah, 8 F.3d 1541, 1543 (10th Cir. 1993) (quotation omitted).  "It is the appellant's responsibility to order and provide all portions of the transcript necessary to give the court of appeals a complete and accurate record . . . ."  10th Cir. R. 10.1.1.  The record must include "a transcript of all evidence relevant to" any findings or conclusions the appellant intends to challenge on appeal.  Fed. R. App. P. 10(b)(2).  Because plaintiff included only excerpts from the trial transcript in the record on appeal, we cannot review the

---

[1]      We note that plaintiff failed to point out in the record where each issue was raised and ruled on in the district court, in violation of our local rules.  See 10th Cir. R. 28.2(b).

[2]      We also note that plaintiff failed to identify the standard of review for any of his issues, as required by the federal rules of appellate procedure.  See Fed. R. App. P. 28(a)(6).

district court's factual findings and must accept them as correct. Cf. Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 976 (10th Cir. 1991) (holding absence of trial transcript precludes appellate review of district court's factual findings). Our review is therefore limited to determining whether the district court correctly applied the law to the facts. See id.

In his first issue, plaintiff claims the district court erred in concluding that he was not a qualified person within the meaning of the Americans with Disabilities Act. Plaintiff asserts that the district court erroneously focused on whether plaintiff actually had a disability rather than whether defendant regarded plaintiff as having a disability.[3]

The Americans with Disabilities Act forbids discrimination "against a qualified individual with a disability because of the disability . . . in regard to . . . employment." 42 U.S.C. § 12112(a). The Act protects an individual whether he actually has a disability or is merely "regarded as" having a disability. See id. § 12102(2). An individual is "qualified," however, only if he can perform the

---

[3] Plaintiff cites just one case in support of his issue under the Americans with Disabilities Act, and that case is from a district court in another circuit. Plaintiff's citation to only one authority which is not particularly relevant "suggests either that there is no authority to sustain [his] position or that [he] expects the court to do [his] research [for him]." Rapid Transit Lines, Inc. v. Wichita Developers, Inc., 435 F.2d 850, 852 (10th Cir. 1970); see also United States v. Rodriguez-Mejia, 20 F.3d 1090, 1092 n.2 (10th Cir. 1994) (noting that litigants should "find and cite" Tenth Circuit authority before citing case law from other circuits because this court is "controlled by the law of this circuit").

essential functions of the job he holds or desires, with or without reasonable accommodation. See White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995); 42 U.S.C. § 12111(8). The district court found that plaintiff's orthopedic surgeon recommended that plaintiff be permanently restricted from keyboard use, that keying is an essential function of the customer service representative job, and that plaintiff could not perform the essential keying function. In the absence of a complete trial transcript, we presume these findings are correct. As a result, plaintiff cannot show that the district court erred in concluding that he was not a qualified individual under the Americans with Disabilities Act.

Next, plaintiff argues that the district court erred in concluding that defendant was not required to provide him with a job at the end of twelve weeks of sick leave he requested and was granted under the Family and Medical Leave Act. See 29 U.S.C. § 2612(a)(1)(D). Plaintiff does not dispute that he did not work for defendant long enough to qualify for any benefits under this Act. See id. § 2611(2)(A). He argues, rather, that because defendant mistakenly paid him some benefits under the Act, defendant should be estopped from relying on plaintiff's ineligibility with regard to the Act's other benefits. Plaintiff offers no support at all for this proposition, in contravention of the procedural rules and our case law. See Fed. R. App. P. 28(a)(6); see also Brownlee v. Lear Siegler Management Servs. Corp., 15 F.3d 976, 977-78 (10th Cir. 1994) (holding

conclusory reference to district court error without sufficient citation to authority "is not adequate appellate argument"); Primas v. City of Okla. City, 958 F.2d 1506, 1511 (10th Cir. 1992) (holding party has duty to cite authority for any argument raised). We point out, however, that plaintiff's reliance on defendant's mistake could not have been reasonable because he plainly was not eligible for any benefits under the Family and Medical Leave Act. See, e.g., Cannon v. Group Health Serv. of Okla., Inc., 77 F.3d 1270, 1277 (10th Cir.) (noting equitable estoppel based on reasonable reliance), cert. denied, 117 S. Ct. 66 (1996); Emery Mining Corp. v. Secretary of Labor, 744 F.2d 1411, 1417 (10th Cir. 1984) (same). The district court therefore did not err in rejecting plaintiff's estoppel argument.

Third, plaintiff contends that the district court erred in finding for defendant on his claim under 42 U.S.C. § 1981. "The allocation of burdens under Title VII applies to proving intentional discrimination under section 1981 as well." Durham v. Xerox Corp., 18 F.3d 836, 839 (10th Cir. 1994). That is, once an employee has established a prima facie case of unlawful discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action. See Berry v. Stevinson Chevrolet, 74 F.3d 980, 985-86 (10th Cir. 1996). If the employer meets its burden of production, the

-6-

burden shifts back to the employee to demonstrate that the employer's reason is a pretext for unlawful discrimination. See id. at 986.

Plaintiff asserts that he proved a prima facie case of discrimination and defendant did not come forward with a clearly articulated and reasonable excuse for failing to promote him to the position of personnel coordinator. The district court found based on the evidence presented at trial that seniority was a primary factor defendant used in ranking the eighteen applicants for this job. The district court further found that defendant interviewed the nine most senior applicants and made its selection for the job based on the chosen candidate's qualifications, including her seniority. The district court concluded that seniority was a legitimate, nondiscriminatory reason for defendant's hiring decision.

Plaintiff argues that seniority was not included in any descriptions of the position. Once again, the absence of a complete trial transcript hampers our review of the district court's factual findings and we must presume them correct. In this instance, however, plaintiff himself points to evidence that defendant's employees "knew that promotions were based on seniority." II Appellant's App. at 218. Based on this evidence, the district court's finding that seniority was a primary qualification for the personnel coordinator position is not clearly erroneous, and it did not err in concluding that defendant's reliance on seniority was not a pretext for unlawful discrimination.

Finally, plaintiff contends that the district court erred in finding in favor of defendant on his claim for company disability benefits. Plaintiff asserts that he "[might] have been successful [during the company appeal process] but for the failure of the Company to inform him that he had a legal right to counsel during the appeal process." Appellant's Br. at 12-13. This argument is pure speculation and is unsupported by either factual or legal analysis. The district court found that the medical evidence showed that plaintiff was not totally disabled, and that this was the reason that defendant denied his claim for company disability benefits. In light of these findings, which, again, we must presume correct, plaintiff cannot show that the district court erred in denying his claim for company disability benefits.

AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge