**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THERESA FLORES,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of Social Security,

      Defendant-Appellee.

No. 06-1150
(D.C. No. 04-cv-2148-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[**]

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Theresa Flores appeals from the district court's order denying her

application for attorney fees under the Equal Access to Justice Act (EAJA),

28 U.S.C. § 2412, following an order that reversed and remanded the

Commissioner's decision denying her application for disability insurance benefits

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for Jo Anne B. Barnhart as the appellee in this action.

[**] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and supplemental security income. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

Ms. Flores's application for benefits, which was based upon claims of neck and back injuries, depression, and memory problems, was denied administratively. Following a hearing, the administrative law judge (ALJ) found at step four of the five-step sequential evaluation process that she could perform her past relevant work as either a teacher's aide or sales clerk and was not disabled. When the Appeals Council denied her request for review, Ms. Flores appealed, and the district court reversed and remanded the case for further proceedings.

The district court found two errors in the ALJ's decision. First, the court found that the ALJ's written decision failed "to demonstrate reliance on the correct legal standard" in evaluating the opinions of Ms. Flores's treating physicians. Aplt. App. at 528. In particular, the court noted that, although the ALJ's conclusion that the opinions were not entitled to controlling weight was supported by substantial evidence, he failed "to provide specific, legitimate reasons for the weight he ultimately assigned the opinions." *Id*. at 531.

Second, although neither Ms. Flores nor her lawyer requested a consultative examination concerning her alleged mental impairments during the administrative

proceedings, the district court agreed with her argument on appeal that an examination would be helpful on remand.

Thereafter, Ms. Flores filed her motion for fees under the EAJA. The district court denied the motion, concluding that the Commissioner's position, although ultimately unsuccessful, was reasonable in law and fact, and was substantially justified.

**II.**

Under EAJA, a fee award is required if (1) Ms. Flores is a prevailing party; (2) the position of the Commissioner was not substantially justified; and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *see also Comm'r INS v. Jean*, 496 U.S. 154, 158 (1990). Having satisfied factors one and three, the only dispute is whether the Commissioner's position was substantially justified.

In addition to the position taken by the Commissioner in the district court, "[w]hether or not the position of the [Commissioner] was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). *See also Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007).

The Commissioner "bears the burden of showing that [his] position was substantially justified." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact. Thus, the government's position must be justified to a degree that could satisfy a reasonable person. The government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quotations and citations omitted). *See also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (same).

"We review the district court's determination that the Commissioner's position was substantially justified for an abuse of discretion. An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings." *Hackett*, 475 F.3d at 1172 (quotations and citations omitted).

## III.

The parties agree that the district court applied the correct legal standard in assessing Ms. Flores's request for attorney fees under EAJA. Therefore, our analysis is limited to consideration of whether the court abused its discretion by way of a clearly erroneous assessment of the evidence.

According to Ms. Flores, the district court abused its discretion "by misrepresenting or ignoring the medical record," and "fail[ing] to adequately discuss how [her] treating physicians' opinions were contrary to the record." Aplt. Br. at 9. We disagree. In denying her motion for EAJA fees, the court found that

the reason for the remand was due to the fact that the ALJ's "order failed to demonstrate reliance on the correct legal standard." Aplt. App. at 548. Specifically, although the ALJ discussed the treating physicians' opinions in detail, he failed to specifically mention the factors outlined in *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) to determine what, if any, deference should be accorded their opinions. "The reason for the remand was the order's lack of legal analysis necessary for [the court] to ascertain whether the ALJ applied the correct legal standard by affording the treating physicians' opinions deference in the form of the relevant factors in 20 C.F.R. § 404.1527(d)(2)." Aplt. App. at 551.

Ms. Flores's argument might have merit if the ALJ had ignored or misrepresented the medical record, but these are not the facts of this case. Instead, the district court found "that there was ample evidence in the record to support the ALJ's comprehensive assessment of the treating physician's [sic] opinions." *Id.* Thus, the court's conclusion that the Commissioner's position was substantially justified because it had a reasonable basis in law and fact was not an abuse of discretion.

The record reveals evidence of a test given to Ms. Flores when she was eleven-years-old that revealed an intelligence quotient of fifty-nine. However, the record also reveals that she graduated from high school, raised a family, and worked at least three semi-skilled jobs as an adult. Throughout the administrative

proceedings, neither she nor her lawyer ever requested a consultative examination of this mental impairment–instead she raised this issue for the first time on her appeal to the district court.

Regardless, we do not reach the merits of Ms. Flores's argument because she has failed to provide any authority that the failure to order a consultative examination means that the Commissioner's position was not substantially justified. A party's failure to cite any authority "suggests either that there is no authority to sustain its position or that it expects the court to do its research." *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970).

The judgment of the district court is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge