FILED
United States Court of Appeals
Tenth Circuit

May 9, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CINCINNATI SPECIALTY
UNDERWRITERS INSURANCE
COMPANY,

     Plaintiff - Appellee,

v.

TAUSHA URBANO; GERRY MADEN,

     Defendants - Appellants,

and

ALBUQUERQUE NAVAJO LODGE, 863
I.B.P.O.E. of W.,

     Defendant.

No. 16-2178
(D.C. No. 1:15-CV-00572-KG-WPL)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **LUCERO**, Circuit Judges.
_____

Tausha Urbano and Gerry Maden (Appellants) appeal the district court's

denial of their motion, filed under Fed. R. Civ. P. 60(b), to set aside a default

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

judgment entered against Albuquerque Navajo Lodge, 863 I.B.P.O.E. of W. (Lodge). They also contend that the district court erred by not dismissing this case under Fed. R. Civ. P. 19(b). Finally, they ask this court to issue a declaration regarding the collateral effect of the district court's judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

Appellants sued the Lodge in state court after they were injured by gunfire during an event hosted by the Lodge. The Lodge had a commercial general liability policy (Policy) issued by Cincinnati Specialty Underwriters Insurance Company (CSUIC). CSUIC filed this action against the Lodge in the district court, seeking a declaration that the Policy did not provide coverage for Appellants' claims against the Lodge. CSUIC did not name Appellants as additional defendants. When the Lodge did not respond to the operative complaint, the district court clerk entered a default against the Lodge.

CSUIC then moved for a default judgment. In response, Barry Watson, a non-lawyer representative of the Lodge, sent an email to the district court. Acknowledging that the Lodge had notice of the action, Mr. Watson stated that the Lodge was "not financially able to hire legal representation to defend our organization against the lawsuit." Aplt. App. at 140. He proceeded to describe the Lodge members' limited financial resources, as well as the charitable interests that the Lodge chooses to support with its meager funds. Although he understood "that

2

defaulting on any lawsuits is never a good thing," Mr. Watson asked for the district court's "mercy." *Id.*

In its reply in support of its motion for a default judgment, CSUIC noted, per Mr. Watson's email, that the Lodge did not intend to respond to the complaint. CSUIC contended that the Lodge had not shown good cause to set aside the default or any basis for the court to refrain from entering a default judgment. The district court entered a default judgment in favor of CSUIC.

Several months later, Appellants simultaneously moved in the district court to intervene in this action and to set aside the default judgment. They claimed they were required parties under Fed. R. Civ. P. 19(a)(1), and they sought to intervene as of right under Fed. R. Civ. P. 24(a)(2). Appellants argued that the default judgment should be set aside based on excusable neglect because Appellants received no notice of the action despite CSUIC's knowledge of their underlying claims; the Lodge was indigent and acting without counsel; and there was a meritorious defense to the action. CSUIC opposed both motions.

Before filing their replies, Appellants and the Lodge reached two agreements. They negotiated a stipulated judgment in Appellants' favor in the state-court action, and the Lodge agreed to assign its claims against CSUIC to Appellants. Appellants then argued in their replies that the stipulated judgment and the assignment of the Lodge's claims to them mooted CSUIC's arguments regarding standing. Appellants also continued to argue there was excusable neglect sufficient to set aside the default judgment.

3

The district court granted Appellants' motion to intervene. It first held that, due to the assignment of the Lodge's claims against CSUIC, Appellants stood in the shoes of the Lodge. Therefore, the court concluded that Rules 19(a)(1) and 24(a)(2) no longer applied. It instead joined Appellants as defendants in this action under Fed. R. Civ. P. 25(c), which provides: "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

The district court then took up Appellants' motion to set aside the default judgment. It held that Appellants were required to show that the Lodge's failure to file a responsive pleading constituted excusable neglect. The court found that the Lodge had made a deliberate decision not to obtain counsel and defend the lawsuit. It therefore rejected Appellants' contention that the Lodge's inability to retain an attorney, due to its lack of funds, amounted to excusable neglect. Consequently, the district court denied Appellants' motion for relief from the judgment.

## II.    Discussion

On appeal, Appellants contend that the district court erred in refusing to set aside the default judgment entered against the Lodge and in failing to dismiss the action under Rule 19(b). They also seek a declaration that the default judgment has no collateral or res judicata effect on their rights.

### A.    Denial of Motion to Set Aside Default Judgment

A district court may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). We review a court's denial of a Rule 60(b) motion for an abuse of

4

discretion. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145 (10th Cir. 1990). A court abuses its discretion if its decision is "arbitrary, capricious, or whimsical." *Id.* at 1146. Where the district court denied a motion to aside a default judgment, "we look to the record in its entirety to see if the trial judge clearly ignored excusable conduct or failed to recognize some other compelling reason for relief to be granted." *Id.*

The district court must make three determinations to set aside a default judgment under Rule 60(b): "(1) the moving party's culpable conduct did not cause the default; (2) the moving party has a meritorious defense; and (3) the non-moving party will not be prejudiced by setting aside the judgment." *United States v. Timbers Pres.*, 999 F.2d 452, 454 (10th Cir. 1993), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820, 825 (1996). Here, the district court addressed only the first factor, finding that the Lodge was culpable because it made a deliberate decision not to defend the lawsuit. *See id.* ("Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default.").

Appellants argue that the district court abused its discretion. They maintain that the facts here are analogous to those in a case that we cited in *Pelican Production Corp.*, 893 F.2d at 1147. We noted that another court had set aside a default judgment where the defendant "was an uneducated layman, who could not read, and had difficulty understanding the legal proceedings involved even after patient explanation." *Id.* We distinguished these facts from another case in which a court denied relief from judgment where the defendant "was not an indigent,

5

unsophisticated party without legal counsel." *Id.* Here, Appellants argued excusable neglect based on the Lodge's lack of funds and Mr. Watson's role as a volunteer representative of the Lodge. They contend that Mr. Watson did all that he could, under the circumstances, to avoid a default.

We are not persuaded. Mr. Watson's email to the district court belies the suggestion that he is illiterate and unsophisticated, or that he failed to comprehend these legal proceedings. Rather, the email and his deposition testimony both show that he understood the nature of this action and the consequences of a default judgment. *See* Aplt. App. at 140 (email); *id.* at 244-45 (Mr. Watson's testimony regarding the steps he took after receiving Appellants' demand letter, including putting CSUIC on notice; evaluating coverage under the Policy; speaking to the Lodge's membership about using funds to defend Appellants' claims versus paying past-due property taxes; and filing an administrative proceeding with the State of New Mexico Insurance Bureau challenging CSUIC's failure to defend the Lodge in the state-court action).

As to the Lodge's claim of indigence, Appellants cite no case in which a court found excusable neglect based solely on a lack of funds, nor have we found such a case. For its part, the district court relied on several decisions in which other district courts held that inability to afford an attorney does not excuse a party's failure to appear and defend.

Appellants have not demonstrated that a "definite, clear or unmistakable error occurred below." *Pelican Prod. Corp.*, 893 F.2d at 1147. "[O]nly if we find a

6

complete absence of a reasonable basis and are certain that the district court's decision is wrong do we reverse. Here we simply cannot say that a failure to provide relief constitutes an abuse of discretion." *Id.*

## B. Failure to Dismiss Action Under Rule 19(b)

Once the Lodge assigned its claims against CSUIC to Appellants, the district court held that Rule 19(a)—which addresses persons required to be joined, if feasible—no longer applied. It instead joined Appellants as defendants under Rule 25(c). The court therefore did not determine whether Appellants were necessary parties under Rule 19(a) based on their pending claims against the Lodge.

Appellants now argue that the district court should have dismissed this action under Rule 19(b), which provides that "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19(b) lists several factors a court should consider in making that determination. Appellants contend that these factors weigh in favor of dismissal.

CSUIC argues that Appellants waived this issue by failing to raise it in the district court. Appellants concede that they never asked the district court to dismiss the action under Rule 19(b), but they contend that their argument is not waivable. Appellants are correct that, even if "not properly before the district court, the issue of indispensability is not waivable and may be raised for the first time on appeal." *Davis v. United States*, 192 F.3d 951, 962 n.13 (10th Cir. 1999).

7

We nonetheless decline to reach the issue whether this action should have been dismissed under Rule 19(b) because Appellants have not sufficiently supported their argument on appeal. *See Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (noting this court "will not craft a party's arguments for him").

> Determining whether an absent party is indispensable requires a two-part analysis. The court must first determine under Rule 19(a) whether the party is necessary to the suit and must therefore be joined if joinder is feasible. If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed.

*Rishell v. Jane Phillips Episcopal Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996) (citations omitted). Although Appellants acknowledge this required analysis in their reply brief, *see* Aplt. Reply Br. at 5, they bypass much of it in their opening brief. They cite only one case for the proposition that they were required parties under Rule 19(a)(1)—a case that did not involve application of Rule 19. *See Harris v. Quinones*, 507 F.2d 533, 536-37 (10th Cir. 1974) (addressing res judicata effect of a previous declaratory judgment). Nor do they explain why their joinder in this action under Rule 19 was not feasible. *See, e.g., N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1282 (10th Cir. 2012) (holding that sovereign Indian tribe was required party that could not feasibly be joined and then proceeding to Rule 19(b) analysis).

Perfunctory allegations of error that fail to frame and develop an issue are insufficient to invoke appellate review. *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994); *see also Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*,

8

435 F.2d 850, 852 (10th Cir. 1970) (noting appellant's citation to one, non-pertinent case "suggests . . . that it expects the court to do its research"). Moreover, "we routinely have declined to consider arguments that are not raised, *or are inadequately presented*, in an appellant's opening brief." *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (emphasis added). This principle is particularly applicable where the issue is raised for the first time on appeal. Consequently, we will not assume Appellants were required parties who could not feasibly be joined in this action in order to address Appellants' new contentions regarding indispensability and failure to dismiss under Rule 19(b). *See Perry*, 199 F.3d at 1141 n.13 (declining to address appellate argument that failed to analyze the correct elements).

## C. Declaration Regarding Collateral Effect of Default Judgment on Appellants' Rights

Finally, Appellants ask this court to declare that the default judgment against the Lodge has no collateral effect on their rights.[1] They did not seek this relief in the district court. They assert that this court can grant it, in the first instance, pursuant to 28 U.S.C. § 2201, which provides: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

Appellants cite only § 2201 for their proposition. It is true that "'court of the United States' includes . . . courts of appeals." 28 U.S.C. § 451. But § 2201 also

---

[1] Presumably, Appellants are interested in their rights, if any, as injured parties, rather than their rights as assignees of the Lodge.

specifies that a court may act "upon the filing of an appropriate pleading," and the Federal Rules of Civil Procedure stipulate that "[t]hese rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57, *see also Hargrove v. Am. Cent. Ins. Co.*, 125 F.2d 225, 228 (10th Cir. 1942) (noting applicability of the Federal Rules of Civil Procedure and the right to a jury trial in declaratory actions). The Federal Rules of Civil Procedure require the filing of a complaint in district court. *See* Fed. R. Civ. P. 3. Appellants cite no case in which a federal appellate court has issued a declaratory judgment. Their briefing is wholly insufficient for us to reach and decide the question whether this court can grant the relief they request under § 2201. We therefore deny their request.[2]

---

[2] Even if Appellants had demonstrated that the issue is appropriately before this court, we would decline to exercise discretion to declare the collateral effect of the default judgment on Appellants' rights. "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). We have directed district courts to consider several factors in deciding whether to exercise that discretion, including "whether a declaratory action would settle the controversy" and "whether there is an alternative remedy which is better or more effective." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (internal quotation marks omitted). Appellants have an alternative remedy that could settle the entire controversy: a claim against CSUIC in the district court, which would undoubtedly involve consideration of the collateral effect of the default judgment entered in this case.

## III.    Conclusion

The judgment of the district court is affirmed.  Due to their inadequate briefing, we deny Appellants' request for a declaration regarding the collateral effect of the default judgment.

Entered for the Court


Monroe G. McKay
Circuit Judge